OPINION. Black, Judge: Petitioner claims excess profits tax relief for the years 1942 to 1945, inclusive, relying on section 722 (a) and (b) (5). To qualify for relief under section 722(b) (5) petitioner must show that— (b) * * * its average base period net income is an inadequate standard of normal earnings because— it***#* (5) of any other factor [i.e., other than those enumerated in 722(b) (1), (2), (S), (4)] affecting * * * [its] business which may reasonably be considered as resulting in an inadequate standard of normal earnings during the base period and the application of this section to * * * [it] would not be inconsistent with the principles underlying the provisions of this subsection, [722(b)] and with the conditions and limitations enumerated therein. The factor relied on by petitioner under (b) (5) is a “contract” entered into June 29, 1936, the circumstances and details of which are fully set out in our Findings of Fact and need not be repeated here. Petitioner contends that the lease contract which was entered into with Interstate on January 2, 1924, after Miller became the owner of its stock, sets its normal gross income at $80,000 for the next 30 years and that the amended contract of June 29,1936, calling for the reduced rentals was the “factor” causing it to have an inadequate standard of normal earnings for the base period, 1936-1939. We are unable to agree with petitioner’s contention that it is entitled to relief under section 722 (b)(5). We think the instant case is controlled in principle by George Kemp Real Estate Co., 12 T.C. 943 (1949), where the taxpayer, a lessor, reduced the rentals due under a long-term lease for the period 1932 to 1940 because the lessee was faced with bankruptcy on account of the general business depression. The taxpayer sought qualification for relief under section 722(b) (5) but we held that to grant such relief would be inconsistent with the provisions of 722(b) (3) allowing relief in cases where the taxpayer’s profits cycle differs materially from the general business cycle, since practically all taxpayers were affected by the general business depression. Petitioner seeks to distinguish George Kemp Real Estate Co., supra, and argues that it is not controlling here. Petitioner argues that in the instant case it was not only experiencing difficulty in collecting its $80,000 a year rent because of the general depression which prevailed for several years, but also because a new and more modern hotel, the Paxton, had been erected in Omaha and was getting the business. Petitioner argues that because the Fontenelle needed modernizing it was not able to compete successfully with the Paxton. We assume this was true; we have no reason to doubt it in light of the oral testimony at the hearing. Yet we do not think these circumstances add anything to really distinguish this case from George Kemp Real Estate Co., supra. Competition is a normal experience in our economy. In Lamar Creamery Co., 8 T.C. 928, the taxpayer was claiming relief under section 722(b) (2). It claimed that the Carnation Milk Company, a large milk-processing concern, had erected a milk plant in its territory and that this competition caused temporary depression in its earnings so as to qualify the taxpayer for relief under section 722 (b) (2). We denied this contention and in doing so said: It is true that when Carnation opened its plant at Sulphur Springs it paid more for milk than petitioner and other milk companies in that territory had been paying and as a result thereof petitioner had to pay more for its milk thereafter. But can such competition be considered as a temporary economic circumstance unusual in the case of petitioner or of the industry of which petitioner was a member? We do not think it can b.e so considered. Competition is present in almost any business. Instead of it being something unusual, it is quite common. It is of the very essence of our capitalistic system. * * * True it probably is that competition of the Paxton Hotel forced modernization of the Fontenelle, but we do not think this fact qualifies petitioner for relief under section 722 (b) (5). In its original petition petitioner claimed relief under (b) (2) as well as (b) (5). At the hearing petitioner abandoned its claim for relief under (b) (2) and in its brief relies only on (b) (5). This, of course, it had a right to do but for reasons we have already stated we do not think petitioner’s reduction of the rents in 1936 as a result of its agreement with the lessee qualifies it for relief under section 722(b)(5). In George Kemp Real Estate Co., supra, after speaking of our decision in Philadelphia, Germantown & Norristown R.R. Co., 6 T.C. 789, we said: That case, however, supports our conclusion here, for in the instant proceeding there was a new agreement entered into between petitioner and its lessee in 1935, which established the standard of normal earnings for the base period years. So say we in the instant case, except that the agreement here was entered into between the lessor and the lessee in June 1936 instead of in 1935 as in the George Kemp Real Estate Co. case but so far as we can see that makes no difference. We so hold. Because petitioner has not shown that its excess profits tax computed without the benefit of section 722 is excessive and discriminatory, petitioner is not entitled to an excess profits tax credit greater than the one computed under section 714, and we hold that respondent properly disallowed petitioner’s claim for relief under section 722(b)(5). It is, therefore, unnecessary to discuss Issue 2 regarding the statute of limitations for 1942. Reviewed by the Special Division. Decision will be entered for the respondent.